NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016[*]
Decided October 28, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-2405

| | |
|---|---|
| BARRY DONOHOO, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
|     *v.* | No. 14-cv-309-wmc |
| | |
| DOUGLAS HANSON, et al., | William M. Conley, |
|     *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Barry Donohoo appeals the grant of summary judgment against his claim that local officials in Douglas County, Wisconsin, violated his constitutional rights when they denied him a land-use permit. The district court concluded that this was a matter for local land-use agencies or the state court, and that Donahoo failed to offer proof that any of his constitutional rights had been violated. We affirm.

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Donohoo filed a land-use permit and mitigation plan with the Douglas County zoning office to build a small addition to his home. He then learned that a new state law, 2011 Wisconsin Act 170, had been passed, prohibiting local authorities from enacting shoreland zoning restrictions that were more onerous than those passed by the state. Believing that the new law applied to his construction project, Donohoo withdrew his plans. He submitted a revised permit application and mitigation plan proposing a second-story addition to his home. Donohoo's permit application eventually reached Steven Rannenberg, Douglas County's zoning administrator, who denied it. He explained that Act 170 did not prohibit Douglas County's zoning restrictions and allowed the county to maintain its mitigation-plan requirement.

A few weeks later, Donohoo appealed the denial to the County Board of Adjustment. After a hearing at which both Rannenberg and Donohoo testified, the Board upheld the denial. Donohoo then challenged the denial through a certiorari action he filed in Douglas County Circuit Court. For unclear reasons, the county clerk failed to send the hearing record for more than 6 months.

Before the circuit court addressed the merits of Donohoo's petition, the county amended its shoreland zoning ordinances to conform to the state's requirements. Rannenberg notified Donohoo that the newly enacted ordinances allowed him to issue a land-use permit, pending the county's approval of a mitigation plan and payment of a $250 processing fee. Five months later, Donohoo received his permit.

The Douglas County Circuit Court eventually dismissed Donohoo's certiorari action and he filed this suit in federal court. He alleged that the county officials violated his rights under the Fifth Amendment's Takings Clause, the Fourteenth Amendment's Equal Protection Clause, and the Fourteenth Amendment's Due Process Clause when (1) Rannenberg denied his land-use permit, (2) the Board upheld that denial, (3) the county clerk failed to timely send the full record of the Board's decision to the county circuit court in response to his certiorari action, and (4) the county conditioned his permit on mitigation requirements that were contrary to Act 170 and stricter than those imposed on other landowners.

The district court granted the defendants' motion for summary judgment, concluding that Donohoo failed to make any meaningful legal argument or identify any material factual dispute in the record. The court determined that the claim under the Takings Clause failed because Donohoo provided no evidence that Douglas County deprived him of property or the practical uses of the property. And even if there were a taking, the court added, Donohoo could not bring a federal claim because he had not

pursued state remedies. As for his equal protection claim, the court determined that he failed to show that Douglas County's actions lacked a rational basis or that the county treated any similarly situated individual more favorably. Finally, his due process claim failed because local zoning decisions require only minimal process, which he received.

Donohoo then filed a postjudgment motion, *see* Fed. R. Civ. P. 59(e), arguing in part that the district court made a manifest error of law by framing his dispute as one about zoning rather than due process. The court denied the motion, quoting our admonition that "regardless of how a plaintiff labels an objectionable land-use decision (i.e., as a taking or as a deprivation without substantive or procedural due process), recourse must be made to state rather than federal court." *CEnergy-Glenmore Wind Farm No. 1, LLC v. Town of Glenmore*, 769 F.3d 485, 487 (7th Cir. 2014).

On appeal Donohoo has submitted a brief that essentially reproduces the postjudgment motion that he filed in the district court. But he has failed to develop any argument that would provide a basis to disturb the judgment. *See* FED. R. APP. P. 28(a)(8). We have reviewed the record and considered all of Donohoo's arguments, and we AFFIRM for substantially the same reasons stated by the district court.